Daniel J. Esparza
State Bar No. 034140
Skymark Law Group
10225 W. Thunderbird Blvd., Suite A
Sun City, AZ 85351
Tel: 623-377-9577
Email: daniel@law.skymarkadvisors.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Szabo, a married woman, | Case No.: _____ |
| Plaintiff, | |
| v. | |
| **Southwest Endocrinology Associates, P.L.L.C.**, an Arizona professional limited liability company; **Manju Schorr** and **Daniel Schorr**, wife and husband, | **COMPLAINT** |
| Defendants. | |

Plaintiff Maria Szabo, by and through counsel, alleges the following for her Complaint.

### I.   JURISDICTION AND VENUE

1. Plaintiff is a resident of Maricopa County, Arizona.

2. Defendant Southwest Endocrinology Associates, P.L.L.C. (hereinafter "Southwest") is an Arizona professional limited liability company.

3. Southwest has a principal place of business of 9225 N. 3rd St., #307, Phoenix, AZ, 85020.

4. Defendants Manju Schorr (hereinafter "Dr. Schorr") and Daniel Schorr (hereinafter "Mr. Schorr") reside in Maricopa County, Arizona.

5. Upon information and belief, Dr. Schorr and Mr. Schorr were married at all times relevant to this matter.

6. This Court has subject-matter jurisdiction over this matter because the cause(s) of action upon which this Complaint arises out of and is governed by federal law: the Employment Income Security Act of 1974 (ERISA). See 29 U.S.C. § 1001 et seq.

7. This Court has personal jurisdiction over Defendants because Defendants reside in Arizona.

8. Venue is proper in Arizona because at least one Defendant resides in Arizona.

## II.   GENERAL ALLEGATIONS

9. Plaintiff incorporates the foregoing paragraphs by reference.

10. Plaintiff was previously employed by Southwest.

11. During her employment by Southwest, Plaintiff made contributions to Southwest's third-party 401(k) plan (the "Plan").

12. Upon information and belief, Dr. Schorr is the sole trustee of the Plan.

13. At all times relevant hereto, Plaintiff was a covered employee under the Plan.

14. At all times relevant hereto, Plaintiff was a Plan participant under the Employment Income Security Act of 1974 (ERISA). See 29 U.S.C. § 1001 et seq.

15. Plaintiff ended her employment by resignation with Southwest in March of 2013.

16. Under the Plan, participants who resign may request distribution of their vested Plan balance.

17. On multiple occasions, Plaintiff informed Defendants that Plaintiff desired to roll over her Plan balance to an Individual Retirement Account (IRA).

18. On multiple occasions, Plaintiff requested that Defendants remove Plaintiff as a listed current employee of Southwest.

19. Plaintiff is unable to roll over her Plan balance to an IRA if she is not removed as a listed current employee of Southwest.

20. Upon information and belief, Dr. Schorr has the sole ability the remove Plaintiff as a listed current employee of Southwest.

21. Plaintiff complied with all known requirements for rolling over her Plan balance.

22. Plaintiff complied with all known requirements for having herself removed as a listed current employee of Southwest.

23. To date, Defendants have not rolled over (or cooperated with a roll over) of Plaintiff's balance to an IRA of Plaintiff's choice.

24. Plaintiff previously contacted the National Labor Relations Board (NLRB) regarding this matter and other matters related thereto.

25. The NLRB informed Defendants that Defendants are required to remove Plaintiff as a listed current employee of Southwest.

26. To date, Defendants have not removed Plaintiff as a listed current employee of Southwest.

27. Upon information and belief, Defendants had no justification for failing to comply with the above-described requests of Plaintiff.

28. Defendants provided no alleged justification for failing to comply with the above-described requests of Plaintiff.

### III.   DAMAGES

<u>COUNT 1</u>

*Breach of Fiduciary Duty*

29. Plaintiff incorporates the foregoing paragraphs by reference.

30. Defendants had a fiduciary duty to Plaintiff, as a plan participant, to oversee the Plan solely in Plaintiff's interest.

31. Defendants breached their fiduciary duty by failing to remove Plaintiff as a listed current employee of Southwest.

32. Dr. Schorr, as sole trustee of the Plan, is an agent of Southwest.

33. Defendants breached their fiduciary duty by failing to roll over, or cooperate with a roll over, of Plaintiff's Plan balance to an IRA of Plaintiff's choice.

34. Plaintiff has been damaged as a result of the foregoing as follows:

   A. Deprivation of her right to roll over her Plan balance to an IRA of her choice.

   B. Loss of appreciation of Plan balance Plaintiff otherwise would have received.

   C. Loss of time and money expended in trying to procure a roll over of her Plan funds.

   D. Deprivation of access to her personal property.

35. The foregoing actions of Defendants were willful or reckless.

36. Plaintiff is entitled to damages from Southwest in an amount to be determined upon further investigation and discovery.

37. Plaintiff is entitled to damages from Dr. Schorr in an amount to be determined upon further investigation and discovery.

COUNT 2

*Interference with Contract Relationship or Business Expectancy*

38. Plaintiff incorporates the foregoing paragraphs by reference.

39. Plaintiff and Southwest had one or more contractual and/or business relationships.

40. Dr. Schorr was aware of the existence of the contractual and/or business relationships.

41. Dr. Schorr intentionally or recklessly prohibited Southwest from fulfilling its duties pursuant to the contracts and/or business relationships.

42. Dr. Schorr did so improperly.

43. Plaintiff suffered damages as a result of Dr. Schorr's actions or lack thereof, as described in Paragraph 34 herein.

44. Plaintiff is entitled to damages from Dr. Schorr in an amount to be determined upon further investigation and discovery.

**WHEREFORE,** Plaintiff respectfully requests that this honorable Court enter judgment in favor of Plaintiff and against Defendants, and grant the following relief:

A. An order compelling the removal of Plaintiff as a listed current employee of Southwest.

B. An order compelling the roll over, or cooperation with a roll over, of Plaintiff's Plan balance to an IRA of Plaintiff's choice.

    C. Damages sufficient to compensate Plaintiff for damages sustained as described herein.

    D. Attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

    E. Any other relief the Court deems just and appropriate.

RESEPECTFULLY SUBMITTED this 29th Day of September, 2020.

*/S/Daniel J. Esparza*
Daniel J. Esparza
State Bar No. 034140
Skymark Law Group
10225 W. Thunderbird Blvd., Ste. A
Sun City, AZ 85351
Tel: 623-377-9577
Email: daniel@law.skymarkadvisors.com

**Attorneys for Plaintiff Maria Szabo**