**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Szabo, | No. CV-20-01896-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Southwest Endocrinology Associates PLLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's *ex parte* motion for leave to serve Defendants Manju Schorr and Daniel Schorr via alternative means (the "Motion"). (Doc. 10.) The Motion will be granted.

## BACKGROUND

On September 29, 2020, Plaintiff filed the Complaint (Doc. 1) and the following day, summonses issued as to all Defendants (Doc. 4).

Plaintiff alleges as follows. Plaintiff was employed by Defendant Southwest Endocrinology Associates PLLC ("Southwest") and made contributions to Southwest's third-party 401(k) plan ("the Plan"). (Doc. 1 ¶¶ 10-13.) Plaintiff resigned in March 2013 and has requested, on multiple occasions, that Defendants remove Plaintiff as a listed current employee so that she may "roll over her Plan balance to an IRA." (*Id.* ¶¶ 15-19.) Defendant Dr. Manju Schorr ("Dr. Schorr")[1] is the sole trustee of the Plan and she alone is able to remove Plaintiff as a listed current employee of Southwest but has failed to do so.

---
[1] Defendant Daniel Schorr ("Mr. Schorr") is Dr. Schorr's husband. (Doc. 1 ¶ 5.)

(*Id.* ¶¶ 12, 20, 26.) Plaintiff brings this action under the Employment Income Security Act of 1974 ("ERISA") and asserts causes of action for "breach of fiduciary duty" and "interference with contract relationship or business expectancy." (*Id.* ¶¶ 6, 29-44.)

Plaintiff's Motion states that "[s]ervice was completed on Defendant Southwest Endocrinology Associates, P.L.L.C., but such service had to be made in an unorthodox manner under A.R.S. § 29-3119 (allowing service by certified mail) because Defendant company failed to maintain a statutory agent." (Doc. 10 at 2; *see also* Doc. 8.)[2]

Plaintiff attempted to serve Dr. and Mr. Schorr at their residential address on five occasions in November, at various times of day, but these service attempts were unsuccessful. (Doc. 6-1.) A neighbor confirmed that the Schorrs reside at that address but stated that they "travel a lot" and are "constantly out of town." (*Id.* at 3-4). Plaintiff's counsel also asserted in an earlier filing that he "made contact" with Dr. Schorr about this lawsuit at some point before October 20, 2020, so she is aware of this lawsuit. (Doc. 6 at 2.)

**DISCUSSION**

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual

---

[2] A.R.S. § 29-3119(B) provides: "If a limited liability company or registered foreign limited liability company ceases to have a statutory agent, or if its statutory agent cannot with reasonable diligence be served, the company or foreign company may be served by registered or certified mail, return receipt requested, or by a similar commercial delivery service, addressed to the company or foreign company at its principal address." Plaintiff first attempted to serve Southwest via its statutory agent, but the statutory agent resigned on October 20, 2020. (Doc. 6 at 2; Doc. 6-6 at 2.) Therefore, service via certified mail was proper.

>    place of abode with someone of suitable age and discretion who resides there; or
>
>    (C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4.1 of the Arizona Rules of Civil Procedure details the available state-law procedures for serving process within Arizona. Under Rule 4.1(d) of the Arizona Rules, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules. Additionally, Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in which case "the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served."

Arizona's Rule 4.1(k) requires a showing of impracticability. Impracticability in this context requires "something less than a complete inability to serve the defendant" and even "something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010). In the context of Rule 4.1(k), "impracticable" simply means that the traditional means of service have proved to be "extremely difficult or inconvenient." *Id*. at 903.

The Court finds that the traditional means of service have proved to be impracticable. Plaintiffs' proposed alternative means of service—mailing the court papers required under Ariz. R. Civ. P. 4.1(k) to Dr. and Mr. Schorr's residential address of 2298 E. Finley St., Gilbert, AZ 85296 via U.S. certified mail—constitutes "a reasonable effort to provide the person being served with actual notice of the action's commencement." Ariz. R. Civ. P. 4.1(k)(2).

Accordingly,

- 3 -

1     **IT IS ORDERED** that Plaintiffs' Motion (Doc. 10) is granted.

2     **IT IS FURTHER ORDERED** that service on the Schorrs may be accomplished by mailing a copy of the Complaint, the Summonses, and this Order to their residence at 2298 E. Finley St., Gilbert, AZ 85296.

    Dated this 29th day of December, 2020.

Dominic W. Lanza
United States District Judge